IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FARMERS INSURANCE EXCHANGE                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO.: 1:16-CV-134-SA-RP

RICKY SHEFFIELD and
BECKY WINTER                                                                   DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed this declaratory judgment action on July 28, 2016. Plaintiff has since filed its Motion for Summary Judgment [31]. Defendant Sheffield has responded [36], and Plaintiff replied [38]. Defendant Becky Winter did not respond to the Motion.

*Factual and Procedural Background*

This is an action for declaratory judgment filed by Farmers Insurance Exchange (Farmers). Farmers moves the Court to determine whether coverage exists under Carlos Fowler's homeowners' policy covers claims made by the Estate of Crystal Orick against the Estate of Carlos Fowler in a lawsuit filed in the Circuit Court of Lee County on September 1, 2011. Defendant Ricky Sheffield is the father of Crystal Orick and is the representative of the wrongful death estate of Crystal Orick.

The underlying state court cause of action alleges that on May 12, 2011, Fowler, an elderly man, shot and killed Crystal Orick, who was employed as Fowler's nonmedical, in-home caretaker. After shooting Orick, Fowler did not attempt to call 911 but rather fatally shot himself. Police and forensics reports indicate that, among other substances, Meprobamate,[1] Benzodiazepines,[2] Carisoprodol,[3] and Hydrocodone[4] were all present in Fowler's body at the

---

[1] According to parties' briefing, it is uncontested that Mebrobamate is an anxiolytic (anti-panic/antianxiety sedative).
[2] According to parties' briefing, it is uncontested that Benzodiazepines are psychoactive drugs.

time of his death. The underlying Complaint alleges wrongful death liability based on an intentional tort cause of action, as well as negligence. As to the negligence claim, Orick's Estate alleges that underlying defendants failed to exercise their duty of reasonable care, and that they knew or should have known that the environment in which Orick was exposed was unsafe. Further, Orick's Estate alleges that the underlying defendants were grossly negligent in failing to monitor Fowler's actions, and in failing to remove all weapons and ammunition from his home.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The court is only obligated to consider cited materials but may consider other materials in the record. *Id*. at 56(c)(3). The court must resolve factual

---

[3] According to parties' briefing, it is uncontested that Carisoprodol is a "muscle relaxer."
[4] According to parties' briefing, it is uncontested that Hydrocodone is an opiate.

controversies in favor of the nonmovant "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

In Mississippi, "the interpretation of an insurance policy is a question of law, not one of fact." *Corban v. United Services Auto. Ass'n.*, 20 So. 3d 601, 609 (Miss. 2009) (quoting *Noxubee Co. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004)). Insurance policies are contracts, and as such, must be enforced according to their written provisions. *Id.* (citing *Noxubee Co.*, 883 So. 2d at 1166. When parties to a contract make mutual promises, they are entitled to the benefit of that bargain and insurance companies must therefore be able to "rely on their statements of coverage, exclusions, disclaimers, definitions, and other provisions." *Id.* As such, the court relies upon familiar rules of construction to discern their meaning. *Progressive Gulf Ins. Co. v. We Care Day Care Center, Inc.*, 953 So. 2d 250, 253 (Miss. Ct. App. 2006).

The policy is to be considered as a whole, giving weight to all relevant portions and, whenever possible, giving "operable effect to every provision in order to reach a reasonable overall result." *Id.* (citing *J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.,* 723 So. 2d 550, 552 (Miss. 1998). While ambiguities in an insurance contract are to be construed against the insurer, a clear and unambiguous contract will be enforced as written. *Id.* In reviewing a policy, terms should be understood in their "plain, ordinary, and popular sense rather than in a philosophical or scientific sense." *Blackledge v. Omega Ins. Co.*, 740 So. 2d 295, 298 (Miss. 1999).

*Analysis and Discussion*

Plaintiff filed its Motion for Summary Judgment, in which they argue that there is no duty to provide coverage, including a duty to indemnify or defend the Fowler Estate for several reasons. First Plaintiff argues that Orick's claims against Fowler do not allege an "occurrence" which would trigger coverage. Second, Plaintiff argues that Orick's claims of intentional actions are excluded by the intentional act exclusion of the policy. Third, Plaintiff argues that they owe no duty to indemnify or defend the Fowler Estate because its representatives failed to comply with the notice provisions set forth in the insurance policy.

"[T]he burden of proving coverage rests with the insured." *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010).[5] Farmers has two distinct obligations to its insured—(l) a duty to indemnify its insured for covered claims and (2) a duty to furnish a legal defense to certain claims. *Mimmit v. Allstate County Mut. Ins. Co.*, 928 So. 2d 203, 207 (Miss. Ct. App. 2006). "Mississippi has adopted the 'allegations of the complaint' rule (sometimes referred to as the eight-corners test) to determine whether an insurer has a duty to defend," pursuant to which the court reviews the allegations in the underlying complaint to see whether it states a claim that is within or arguably within the scope of the coverage provided by the insurance policy. *Ingalls Shipbuilding v. Federal Ins. Co.*, 410 F.3d 214, 225 (5th Cir. 2005). In so doing, the court compares the words of the complaint with the words of the policy, looking "not to the particular legal theories" pursued by the plaintiffs, "but to the allegedly tortious conduct underlying" the suit. *Id.* (citations omitted). *See also United States Fidelity & Guarn.*

---

[5] The Declaratory Judgment Act does not extend the subject matter jurisdiction of the court beyond the limits delineated in Article III of the United States Constitution. *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950); *see also Okpalobi v. Foster*, 244 F.3d 405, 434 (5th Cir. 2001) (en banc) ("[T]he Declaratory Judgment Act does not itself grant federal jurisdiction"). Therefore, as this Court's jurisdiction is based on diversity under 28 U.S.C. § 1332, Mississippi Law will be applied.

*Co. v. Omnibank*, 812 So. 2d 196, 200 (Miss. 2002). "If the complaint states a claim that is within or arguably within the scope of coverage provided by the policy, then the insurer has a duty to defend." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 443 (5th Cir. 2009) (applying Mississippi law) (quotation omitted).

The duty to indemnify, however, arises only if the facts actually established in the underlying suit amount to a covered claim. *Estate of Bradley ex rel. Sample v. Royal Surplus Lines Ins.*, 647 F.3d 524, 531 (5th Cir. 2011) (applying Mississippi law). An insurer may have a duty to defend but, eventually, no duty to indemnify. *Moeller v. American Guar. and Liability Ins. Co.*, 707 So. 2d 1062, 1069 (Miss. 1996). In contrast, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n, Inc.*, 442 F. Supp. 2d 344, 345 n.1 (S.D. Miss. 2006).

Plaintiff argues that the policy does not provide coverage for Orick's bodily injury because they do not constitute an "occurrence" under the policy. The applicable policy provides that an "'[o]ccurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. . . ." Defendant Sheffield counters that the ongoing presence of the loaded gun in the home, even though Fowler was ill and heavily medicated, constitutes repeated exposure to harmful conditions. Furthermore, Defendant Sheffield argues that given Fowler's mental state, his actions cannot possibly constitute intentional acts, and that the medication negated the intent required to shoot Orick intentionally.

The Mississippi Supreme Court has held that "an accident by its very nature produces unexpected and unintended results. It follows that bodily injury or property damage, expected or intended *from the standpoint of the insured*, cannot be the result of an accident." *Omnibank*, 812 So. 2d at 200. Furthermore, there *is* coverage unless the "chain of events leading to the injuries

complained of were set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force." *Architex Ass'n, Inc.*, 27 So. 3d at 1153–54 (emphasis omitted) (quoting *OmniBank*, 812 So. 2d at 200). "[E]ven if an insured acts in a negligent manner, that action must still be accidental and unintended in order to implicate policy coverage" under this definition of an "occurrence." *Id.* at 1158. Therefore, "a claim resulting from intentional conduct which causes foreseeable harm is not covered," *id.*, and this definition of an "occurrence" does not encompass "negligent actions that are intentionally caused by the insured." *Id.* at 1159; *see also*, *Allstate Ins. Co. v. Moulton*, 464 So. 2d 507, 510 (Miss. 1985).

The Court's inquiry looks to whether Fowler's actions, as the insured, were intentional, not whether his beneficiaries intentionally allowed him to keep guns in the home. In any event, Fowler's affirmative act caused Orick's death, not merely her continual, passive exposure to loaded guns. However, the Complaint in the underlying action does not provide an extensive accounting of the events leading up to Orick's death. Fowler was indisputably heavily medicated at the time of the shooting, and the Court may not predict his state of mind. "Where, as here, resolution of the dispositive issue necessitates a determination of one's state of mind, Courts should use great caution in deciding that issue on summary judgment . . . ." *Allstate Prop. & Cas. Ins. Co. v. Hunter*, No. 4:12-CV-90-DMB, 2014 U.S. Dist. LEXIS 181844, at *19 (S.D. Miss. Sept. 4, 2014). Additionally, other than the fact that Fowler did not immediately call for medical help, there is no evidence in front of this Court that would show that the gun was not discharged accidentally. Accordingly, there is some question as to whether Fowler intended to discharge the firearm.

Next, Plaintiff argues that the policy excludes coverage for Orick's bodily injury because his actions were intentional. The policy issued to Fowler provides that liability coverage does not apply to bodily injury "which is expected or intended by the insured." Furthermore, Plaintiff urges the Court to apply the "allegations of the complaint" test in order to deny coverage because the underlying complaint alleges an intentional tort. However, in the underlying complaint, Defendant Sheffield brings counts for intentional tort *and* negligence. Though the negligence claim encompasses the negligent acts of Defendants other than the insured, it specifically alleges that "[a]ll defendants failed to fulfill their duty of reasonable care and take adequate and reasonable precautions, or measures to maintain the safety of Crystal Orick." For the reasons articulated in the Court's determination that there are questions of fact regarding whether there was an occurrence under the Policy, the Court also determines that there are questions of fact regarding whether there was an intentional act barring coverage under the exclusions section of the policy. Accordingly, to determine that the policy excludes coverage for these issues would be premature.

Finally, Plaintiff argues that Defendant Winter, as the Administratrix of Fowler's estate, failed to meet the notice requirements set forth in the Policy, and this has resulted in actual prejudice to the Plaintiff in the underlying suit. Orick's Estate initiated suit against Fowler's Estate on September 1, 2011. Service of process was made on Winter on September 22, 2011. However, Farmers was not made aware of the lawsuit, claim, or incident until February 4, 2016.

Listed under the "Conditions" section of the Policy, Fowler's contract requires that the insured must give written notice to Farmers "as soon as practical." The words in the clause "as soon as practicable" are considered to be "roomy words" that "provide for more or less free play." *Young v. Travelers Insurance Co.*, 119 F.2d 877, 880 (5th Cir. 1941) (applying

Mississippi law). The words do not require immediate notice or notice within a particular number of days, nor do they even provide for notice "as soon as possible." *Id*. The words must be construed, however, to give effect to the purpose of the notice clause, which is to

> confer a valuable right upon [an insurer], the purpose of which [is] to enable it to investigate a claim against the [insured] [which may be] covered by the policy; to itself decide whether the claim should be settled without litigation, and, if not, to prepare its defense thereto . . . .

*Aetna Life Ins. Co. v. Walley*, 174 Miss. 365, 164 So. 16 (1935).

Though an insured generally breaches its notice obligation by failing to provide notice until the eve of trial, the Mississippi Supreme Court has held that such breach may not provide grounds for the insurer to avoid liability unless that breach results in prejudice to the insurer. *See Walley*, 164 So. at 19; *cf. Harris v. American Motorist Ins. Co.*, 240 Miss. 262, 126 So. 2d 870, 876 (1961). On the other hand, Courts have found that an insurer is not required to prove prejudice where the notice clause is considered a "condition precedent" to coverage. *Commercial Union Ins. Co. v. Dairyland Ins. Co.*, 584 So. 2d 405 (Miss. 1991); *Bolivar Cty Bd. of Sup'rs v. Forum Ins. Co.*, 779 F.2d 1081 (5th Cir. 1986); *West v. Bankers and Shippers Ins. Co. of New York*, 643 F. Supp. 992 (N.D. Miss. 1986), *judgment aff'd*, 814 F.2d 657 (5th Cir. 1987).

Plaintiff has directed the Court to numerous cases wherein notice was given far sooner than the case *sub judice*, and the Court did not require coverage. *Reliance Insurance Company v. County Line Place*, Inc., 692 F. Supp. 694 (S.D. Miss. 1988) (10 months); *Bolivar*, 779 F. 2d. 1081 (5 months); *Harris*, 240 Miss. 262, 126 So. 2d 870 (13 months). Unlike these cases, however, Plaintiff has failed to establish that the notice requirement was a condition precedent to coverage. *Dairyland Ins. Co.*, 584 So. 2d 405 (Insurers who wish to make notice a condition precedent must do so clearly). Because Plaintiff has not established that the notice was a condition precedent, it must show that it was actually prejudiced. *Bolivar*, 779 F.2d at 1085.

Plaintiff argues that it has been prejudiced by Defendant Winter's failure to provide notice because witnesses' recollection of the relevant facts surrounding the underlying litigation has likely dissipated. Nearly five years passed between the initiation of suit and notice and Plaintiff is concerned about whether evidence has been adequately preserved. Conversely, Defendant Sheffield argues that the underlying matter is still pending, and that Plaintiff may still step in and defend. Defendant Sheffield further contends that the Court should consider that it was Winter's failure as Administratrix, not the insured's failure to give notice. Indeed, delay in giving notice is excusable under certain circumstances, but such delay must have occurred without fault or negligence on the part of the *insured*. *Bolivar*, 779 F.2d at 1085 (emphasis added) (citing *Harris*, 126 So. 2d 870).

However, the question of whether an insured in an action on a policy indemnifying him from liability or bodily injury or death gave timely notice, "as soon as practicable" is a question of fact to be determined by the jury. *See Harris*, 240 Miss. at 271, 126 So. 2d 870. Furthermore, though Plaintiff has asserted its fears regarding witness's recollection of relevant facts and the presence of evidence, it has not cited to specific examples tending to show how it would be actually prejudiced in this matter. *See Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d, 336, 341 (holding that because insured could not remember important facts regarding the claim, such as whether the car had been repaired, the prejudice suffered by insurer was so clear as to grant summary judgment denying coverage). Therefore, the Plaintiff's argument is not well taken.

*Conclusion*

Defendant has successfully established that there are genuine issues of material fact as to whether Fowler intentionally killed Orick. Accordingly, there are material questions as to

whether the Policy should provide coverage. Furthermore, Plaintiff has not shown that it was actually prejudiced by Defendant's failure to provide immediate notice. Therefore, Plaintiff's Motion for Summary Judgment must be DENIED.

It is SO ORDERED this the 5th day of September, 2017

/s/ Sharion Aycock
UNITED STATES DISTRIC JUDGE